IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

DAVID LEE BREWER, PRO SE,           §
TDCJ-ID #635775,                    §
Previous TDCJ-ID #309738,           §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §       2:03-CV-0103
                                    §
TIMOTHY REVELL, JULITO UY,          §
WILLIAM GONZALES,                   §
KEITH JOSEPH PRICE,                 §
JANIE COCKRELL,                     §
WILLIAM E. WALKER, and              §
PAUL SU TENORIO,                    §
                                    §
        Defendants.                 §

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

        Plaintiff DAVID LEE BREWER, acting pro se and while a prisoner confined in

the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit

pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced

defendants and has been granted permission to proceed in forma pauperis.

        By his complaint, plaintiff claims defendants REVELL, UY, GONZALEZ,

PRICE, and COCKRELL have denied him adequate medical treatment for irregular heartbeats

and shortness of breath and that defendant TENORIO has denied plaintiff adequate medical

treatment for Hepatitis C.  Plaintiff requests compensatory damages of $95,000.00 and punitive

damages of $900,000.00[1].

_____

[1]See plaintiff's hand-printed page 4 attached to his original complaint.

By his December 8, 2003 response to the Court's Questionnaire, plaintiff informs the Court defendant Dr. UY saw plaintiff on May 7 and May 8 of 2002 and placed plaintiff on a Holter heart monitor.  Plaintiff says the results were negative.  Plaintiff alleges he then saw Dr. UY in August, September, and October of 2002 and in January and April of 2003 and that Dr. UY ordered an EKG and an X-ray, but made no diagnosis.  Plaintiff says defendant Dr. UY prescribed aspirin in May or June of 2002, but made no diagnosis.  Plaintiff alleges that each time he requested further tests to determine the problem with his heart, Dr. UY would respond by administering an EKG or an X-ray.

Plaintiff alleges he was first denied Echocardiogram screening but finally received an Echocardiogram screening in on June 18-19 of 2003, administered by Dr. Torio, at the Montford Unit.  Plaintiff says Dr. Torio did not diagnose any heart condition but, instead, opined that the irregular heartbeats and shortness of breath may be caused by his thyroid, adding that he wasn't sure what was causing plaintiff's problems.

Plaintiff alleges he wrote a letter to defendant Dr. GONZALEZ on October 6, 2002, a letter to defendant Dr. REVELL on February 10, 2003, and an I-60 to defendant PRICE on March 25, 2003 but that they did not arrange for him to receive additional medical care. Instead, he says, PRICE did not respond and REVELL responded that he would call plaintiff in to assess him problem, but did not do so.  Plaintiff says GONZALEZ responded that plaintiff's Holter monitor was negative and his EKG was normal, and that based on these findings it was the professional opinion of plaintiff's care providers that he did not need any further studies.

Plaintiff further claims defendant COCKRELL did not respond to his March 19, 2003 letter by getting him care by a heart specialist and defendant WALKER denied plaintiff's Step 1 grievance concerning his request for further heart testing.

Plaintiff informs the Court defendant TENORIO has been regularly monitoring his liver function and that he did not grieve concerning his Hepatitis C claim against this defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction  of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's allegations make clear that he has been repeatedly examined and tested for any cardiac cause of his irregular heartbeats and shortness of breath, receiving a Holter heart monitor screening, X-rays, EKGs, and an Echocardiogram, none of which has indicated the existence of any cardiac condition to justify further testing.  Plaintiff has alleged no fact to indicate that any of the defendants knows any fact indicating he is in substantial danger of serious harm and is ignoring that fact.  It is clear plaintiff feels the defendants should have undertaken additional diagnostic measures, but this dissatisfaction does not elevate his claim to

constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  Plaintiff's

claims of deliberate indifference against defendants REVELL, UY, GONZALES, PRICE, and

COCKRELL lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319,

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim against defendant TENORIO, plaintiff has informed the

Court he did not submit any grievance concerning this issue.  Title 42, United States Code,

1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that

"[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."  By choosing to file and pursue suit before meeting the section 1997e exhaustion of

administrative remedies requirement, plaintiff has sought relief to which he was not entitled.

*Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).  Consequently, plaintiff's claim against

defendant TENORIO lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490

U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, plaintiff's claims are frivolous and fail to state a

claim on which relief can be granted.

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2),

as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to

Title 42, United States Code, Section 1983, by plaintiff DAVID LEE BREWER is DISMISSED

WITH PREJUDICE AS FRIVOLOUS and WITH PREJUDICE FOR PURPOSES OF

PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28,

UNITED STATES CODE, SECTION 1915(b).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir.

1998); 42 U.S.C. § 1997e(a).

   LET JUDGMENT BE ENTERED ACCORDINGLY.

   A copy of this Order shall be mailed to plaintiff and to any attorney of record by

first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of

the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S.

District Court for the Eastern District of Texas, Tyler Division.

   IT IS SO ORDERED.

   ENTERED this __5th__ day of October, 2005.


     /s/ Mary Lou Robinson
     MARY LOU ROBINSON
     UNITED STATES DISTRICT JUDGE